Haywood, J.
delivered the opinion of the whole Court.
Pursell sued Archer in the Circuit Court for the county of Washington, and declared against him for slanderous words, “ that the defendant, maliciously intending to hurt, &c. and to subject him to the pains,” &c. in a certain discourse with the plaintiff, and in the presence of divers, &c. said “ you are the rascal that wrote Mrs. Tadlock’s negro’s pass, and persuaded him to run away, &c. meaning, &c. Again, in another discourse with divers, of and concerning the plaintiff, with the malicious intention aforesaid, did falsely and maliciously say, &c. of and concerning the plaintiff, these other false, scandalous, malicious, and defamatory words following, to wit: ypu forged a pass for Mrs. Tadlock’s negro and persuaded said negro to run away. Again, did falsely and maliciously say, &c. of the plaintiff, &c. in the presence and hearing of divers, &c. the false, scandalous, and malicious words following; you forged a letter purporting to be written by William Glass,” &c. Not guilty was pleaded, and a verdict and judgment were given for the plaintiff, and an appeal in the nature of a writ of error was taken to this Court; and the questions made by the assignment of errors are first, whether some of these counts be not bad ones, and whether damages assessed generally upon all do not vitiate the verdict and judgment.
First, as to the first count, it is not stated that any words were spoken by the defendant at all. There are words stated, but by whom spoken is not stated, or that they were spoken by any one, nor that they were false or falsely spoken, or maliciously spoken. The latter, perhaps, may be im *255 plied from the former, but the former is an indispensable allegation. This count, therefore, is not a good one.
As to the second set of words, “ you forged a pass,” &c. laid to be uttered in a conversation with divers, of and concerning the plaintiff, and stated to be falsely and maliciously said, the only plausible objection seems to be that he spoke to others concerning the plaintiff, and at the ’same time to the plaintiff, makes it uncertain whether the evidence was of words in the second or third person you or he, and that a variance in these particulars would be fatal; and that no evidence, whether of words in the second or third person, could support this count; for if in the second person that must have been said to the plaintiff, whereas they are stated to have been spoken in a conversation -with third persons, and if in the third person, then they do not support the statement of words spoken to the plaintiff. Such an objection would formerly have been a good one; B. N. P. 54 ; T. 247 ; but at this day, if the words spoken were in substance, though not precisely, the same as laid, they will be sufficient to support the declaration. Now, whether it be laid you forged or he forged, the crime imputed is the same substantially, the person injured the same, and the mischief the same in the one case as the other. Notwithstanding this inconsistency, therefore, the words spoken being malicious are such as will maintain the action; for to forge a pass for the negro of another and to persuade him to run away is an indictable offence, which alone is sufficient; 2 Chitty, 1022, in the margin; for when the charge is of an offence for which the party accused, if true, may be prosecuted for felony or a misdemeanor, the words falsely charging the same are actionable; 3 Wilson, 186 ; 2 Bl. Reports, 752; 6 T. 694.
As to the general assessment of damages on all the counts, some of them being bad ones, that does not render the judgment erroneous since the Act of 1801, ch. 6, § 63, as it did before this Act; for now the defendant, if he chooses, may obtain the direction of the judge to the jury not to regard the faulty count. If he will not avail of this privilege when he may, he alone is to blame. And, indeed, it cannot appear in any case but that the judge was applied to, and did so charge the jury. We do not know in this case but that such application was made and accorded to the defendant; but whether it was or not, the verdict is good, notwithstanding this objection, ever since the Act of 1801.
Affirm the judgment of the Circuit Court.